UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LOUIS ESPOSITO,

                                                    16 CV 9351 (AJN)

       Plaintiff,

  -against-

LONG ISLAND RAIL ROAD COMPANY,

       Defendant.

------------------------------------------------------------------X


PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT



FLYNN & WIETZKE, PC
Attorneys for Plaintiff
1205 Franklin Avenue
Garden City, NY 11530
(516) 877-1234

By: _____
       MARC WIETZKE

**PRELIMINARY STATEMENT**

Louis Esposito, the plaintiff, brings this action against the Long Island Rail Road Company (LIRR), the defendant, pursuant to the Federal Employers Liability Act, 45 U.S.C. § 51 et seq.  Passed originally in 1908, the Federal Employer's Liability Act (FELA) subsumes picayune laws in favor of a single sweeping standard, set forth in *Rogers v. Missouri* and then recently reaffirmed in *McBride v. CSX* by the United States Supreme Court, to wit: "the test of a jury case is simply whether the proofs justify the conclusion that the employer's negligence played any part, even the slightest, in producing the injury or death for which damages are sought. . . .  Judicial appraisal of the proof to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that the negligence of the employer played any part at all in the injury or death" *Rogers v. Missouri Pac. R. Co.*, 352 U.S. 500, 506 (1957); *CSX Transp., Inc. v. McBride*, 564 U.S. 685, 692 (2011).

The FELA is an injured railroad employee's exclusive tort remedy against his railroad employer for injuries sustained while working in the course and scope of his employment with the railroad in the furtherance of interstate commerce. *New York Cent. R.R. v. Winfield*, 244 U.S. 147 (1917).  A railroad employer has a continuing non-delegable duty to use reasonable care to provide its employees a safe place to work. *Bailey v. Central Vermont Ry.*, 319 U.S. 350, 353 (1943).  Moreover, the railroad's duty of care becomes more imperative as the risk increases. *Bailey*, at 353.  The FELA imposes a higher standard of care beyond the general duty of reasonable care that the law requires of everyone. *Kernan v. American Dredging Co.*, 355 U.S. 426, 451 (1958).

From its inception, the Congressional intent in enacting the Federal Employers' Liability Act, 45 USC § 51, et al, is a liberal one favoring recovery by the employee.  The Supreme Court

1

of the United States noted in *Kernan v. American Dredging Co.*, the law was not enacted as a "static remedy, but one which would be developed and enlarged to meet changing conditions and changing concepts of industries duties toward its workers" *Id.* At 432.  The Court there noted that decisions up to that point had "plainly rejected many of the refined distinctions necessary in common law tort doctrine for the purpose of allocating risks between persons who are more nearly on an equal footing as to the financial capacity and ability to avoid the hazards involved… instead the theory of the Federal Employers' Liability Act is that where the employer's conduct falls short of the high standard required of him by this act, and his fault, in whole or in part, causes injury, liability issues". *Id.* at 438.

## STATEMENT OF FACTS

In the interest of efficiency, the plaintiff incorporates by reference the entirety of the Opposing Statement of Material Facts submitted herewith pursuant to Local Rule 56.1, including the underlying affidavits and their exhibits.  Some of the specific points will be incorporated herein to make particular arguments, but that is not intended to be exclusionary.

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment brought under Federal Rule of Civil Procedure 56 only where the movant shows that "there is no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  For the purpose of summary judgment a "genuine dispute of material fact" exists where the evidence "viewed in the light most favorable to the non-moving party, is such that a reasonable jury could decide in that party's favor" *Zann Kwan v. Andalex Grp. LLC,* 737 F.3d 834, 843 (2d Cir. 2013).

When deciding a summary judgment motion, a Court must construe the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences and resolving all ambiguities in favor of the non-moving party. *CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP*, 735 F.3d 114, 118 (2d Cir. 2013). The fundamental principle of drawing reasonable inferences in favor of the non-moving party is one that must not be neglected by a reviewing court. *Tolan v. Cotton*, 134 S. Ct. 1861, 1868 (2014). The Court, however, may not weigh the evidence or make credibility determinations, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Instead, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*

**The LIRR was in violation of 49 CFR 238 at the time of the plaintiff's accident and thus the LIRR was negligent per se.**

The defective brakes on the L3/L4 wheels of Train car 9803 was a violation of 49 CFR 238 by the defendant, and it caused the plaintiff to be injured. Therefore, the plaintiff is entitled to a finding of negligence per se in his favor, and the defendant's motion for summary judgment must be dismissed.

It is well settled that under the FELA a court must find negligence per se when the railroad defendant is in violation of a safety statute specifically aimed at the railroad industry, and injury results because of the violation. *Kernan v. Am. Dredging Co.,* 355 U.S. 426, 433; *Urie v. Thompson*, 337 U.S. 163, 189 (1949); *Morant v. Long Island R.R.,* 66 F.3d 518, 523 (2d Cir. 1995); *Ries v. Nat'l R.R. Passenger Corp.,* 960 F.2d 1156, 1159 (3d Cir. 1992). When bringing actions under the FELA alleging negligence per se, an injured employee is only required to prove the statutory violation by the railroad. *Crane v. Cedar Rapids & I. C. Ry. Co.,* 395 U.S. 164, 166 (1969). Once an injured employee shows that the defendant railroad was in violation of a safety statute he or she is relieved of the burden of proving negligence. *Id.*

For FELA actions that arise out of a negligence per se theory of liability, the conduct of the railroad is considered negligent per se if it violates a rail safety statute or regulation, and such violation contributes in fact to the death or injury, without considering whether the injury flowing from the violation was the type of injury the statute sought to prevent. *Morant v. Long Island R.R.,* 66 F.3d 518, 523 (2d Cir. 1995).

On January 10, 2015, the plaintiff was directed by the defendant to respond to a smoke condition stemming from Train car 9803 in West Hempstead Station. Plaintiff's Exhibit 3. Upon arriving to the scene, the plaintiff and his gang found the brakes to be stuck to the L3/L4 wheels. *Id.* The train's brake system did not respond as intended to signals sent from the train brake control line. *Id.* This brake system defect was a violation of 49 U.S.C 238, which mandates that:

> A passenger train brake system shall respond as intended to signals from a train brake control line or lines. . . .

49 U.S.C 238.231(d). Testimony from St. Hill, who is in charge of FRA compliance for the defendant, indicates that at the time the brake system wouldn't respond, or couldn't be adjusted it was considered a 2C defect. Plaintiff's Exhibit 2, P.41, L.4-7. A 2C defect sheet is used when a train is non-compliant with an FRA regulation, and it is placed on the front and back of the train to indicate a defect to anyone entering the train.

It is undisputed that the plaintiff and his gang would not have been at the West Hempstead station and on train car 9803 but for the defective brake system. In fact, St. Hill readily admits that he dispatched the plaintiff and his gang to remedy the smoke condition caused by the defective brake system. Exhibit 2, P.12, L.17-19; P.38, L.3. As detailed above, the type of injury that stems from a statute violation does not need to be the type of injury the

4

statute sought to prevent.  *Morant v. Long Island R.R.,* 66 F.3d 518, 523 (2d Cir. 1995).  So long as the violation of the statute by the railroad contributed to the injury of the employee, negligence per se is proper.  *Id.*

**Plaintiff has demonstrated material issues of fact warranting a trial under general negligence**

  Even if negligence per se is not declared proven in this motion, plaintiff is still entitled to have a jury decide his case on the merits.  As Judge Ramos in *Curran* recently stated, a jury should determine whether or not a plaintiff's injury "was within the risk created by the defendant's negligence".  *Curran v. Long Island R.R. Co.*, 161 F. Supp. 3d 253, 259–60 (S.D.N.Y. 2016).  The issue of negligence is necessarily a fact-intensive and fact-specific inquiry.  A jury should decide on causation when a plaintiff is required to take certain actions because of the railroads negligence and he or she is injured while taking those actions.  *Id.*

  Here, plaintiff was ordered to fix the defective brake system that was in violation of the FRA regulations as explained above.  He would not have been at the location or have taken any actions but for the defective brakes.  It was solely because of his attempt to remedy the defendants defective brake system that he was on the train car 9803 and slipped on the warped threshold.

  For the forgoing reasons, the plaintiff is entitled to a finding of negligence per se in this matter.  Alternatively, a jury should decide on whether the defendant's negligence, namely having defective brakes in violation of the FRA, caused the plaintiff's injuries.

**A Reasonable Jury Could Find that the Warped, Wet and Sandy Threshold Plate Caused the Plaintiff's Fall and that the LIRR Knew or Should Have Known of the Hazard.**

In addition to plaintiff's entitlement to a finding of negligence per se, he is alternatively entitled to have his case submitted to a jury because questions of material facts remain with regard to defendant's negligent actions, generally.

It is undisputed that:

- the LIRR is a common carrier engaging in interstate commerce, thus falling under the governance of the FELA.
- the plaintiff is an employee covered by the FELA.
- the plaintiff was acting within the scope of his employment with the LIRR when he suffered his injuries.

Consequently, the only remaining issues are whether the railroad was negligent and whether any such negligence cause, in whole or in part, even in the slightest, plaintiff's injuries. It is well-established that under FELA "the jury's power to draw inferences is greater than in common-law actions." *Williams v. Long Island R.R. Co*., 196 F.3d 402, 407 (2d Cir. 1999).  Thus, because the threshold plate on which the plaintiff slipped and fell was defective, wet and sandy, plaintiff is entitled to have a jury decide his claims, since a a reasonable jury could find defendant's negligence was a contributing factor to his fall.

<u>The LIRR negligently failed to maintain the threshold plate in a safe condition</u>

The FELA imposes a duty on the LIRR to provide the plaintiff with a reasonably safe place to work.  *Urie v. Thompson*, 337 U.S. 163 (1949); *Bailey v. Central Vermont R. Co*., 319 U.S. 350 (1943).  That work place should be free from hazards of which the railroad knew or should have known.  The Second Circuit Court of Appeals has consistently given the FELA a liberal interpretation to effectuate its humanitarian purpose.  The Second Circuit has articulated

6

its position that FELA cases have a relaxed standard of negligence and that traditional standards of the duty of care owed do not apply when one measures negligence under a relaxed standard. *Williams v. LIRR*, 196 F.3d 402 (2nd Cir. 1999). "This Circuit has explicitly stated that it construes the statute (FELA) in light of its broad remedial nature, as creating a relaxed standard for negligence as well as causation." *Ulfik v. Metro-North Commuter R.R.*, 77 F.3d 54, 58 (2nd Cir. 1996)  The Second Circuit concluded "there can be no doubt that under (FELA) the right of the jury to pass upon the question of fault and causality must be most liberally viewed." *Williams* at 406.  Moreover, an employer may be held liable under FELA "for risks that would be too remote to support liability under common law." *Williams* at 407.  These standards all combine to confirm that plaintiff's claims here must be heard by a jury.

      In its motion, defendant relies extensively on *Przybylinski v. CSXT*, a Sixth Circuit Court of Appeals case not selected for publication in the Federal Reporter.  In *Przybylinski*, the plaintiff did not know what the cause of her fall was.  Therefore, she presented the Court with three different theories as to why she fell.  The Court found this impermissible because it would not allow a jury to determine if the cause rendered the working environment unsafe.  The plaintiff in that case stated as one of her theories "boot getting caught in metal grating." which the Court found if true would not be due to any negligence by the rail road.   Because the boot getting caught in the grating was a real possibility proposed by the plaintiff, and no evidence showing that she tripped on objects left by the railroad, or as a result of difference in walking surface was presented, the plaintiff was found to be speculating.

      The facts in this case are completely different than that Sixth Circuit case.  Here, the plaintiff is not offering disparate alternative theories of negligence.  On the contrary, the plaintiff confirmed that it was the threshold plate which caused his fault.  He testified that the threshold

plate on which he slipped on was wet, sandy and there was snow present. Plaintiff's Ex. 1. at P.37, L.13-14; P.54, L.1. In fact, when he reported his injury, the plaintiff stated that he slipped on a sandy threshold plate. Plaintiff's Ex.1 at P.54, L.1. He then later learned that additionally, the plate was warped and defective.

The defendant makes much of the plaintiff's testimony that he did not want to "speculate". However, defendant fails to acknowledge the plaintiff's testimony stated above regarding the conditions of the threshold. Plaintiff merely refuse dto speculate as to which of the three unreasonably dangerous conditions affecting the threshold plate were to blame for his fall. A reasonable jury could find that because the threshold was wet, sandy and snowy the plaintiff was unable to see the warped threshold. Merely, because the plaintiff did not realize that the threshold was warped prior to his fall does not mandate labeling his testimony "speculation". In fact, common sense dictates that the plaintiff did not see the defective threshold plate because if he did, he would have avoided the injury altogether. Nonetheless, the threshold was warped and defective, and the weather conditions made it a concealed hazard. However, this does not relieve the LIRR from its non-delegable duty to maintain a safe working environment for its employees or its non-delegable duty to inspect for such hazards. The threshold plate should have been replaced before sending the plaintiff to work on the train car.

It is the testimony of St. Hill, a General Foreman (now Master Mechanic) at the time of the plaintiff's accident that the threshold plate was not in its intended condition. Plaintiff's Ex. 2. at P.43, L.12-14. St. Hill testified that the threshold plate's condition required it needing to be replaced. Plaintiff's Ex. 2. at P.43, L.5-8. A reasonable jury could find that the LIRR contributed in whole or in part to the plaintiff's injuries by failing to properly maintain and/or replace the threshold plate on which the plaintiff slipped.

Defendant also relies on New York state negligence law in support of their motion, however, as explained above FELA cases do not operate on state negligence grounds. The New York State cases regarding negligence have no place in this motion.

**The LIRR knew or should have known that the threshold plate that caused the plaintiff's injuries was defective.**

The LIRR argues that it did not have actual or constructive notice of either the warped defect on the threshold plate or the wet/sandy conditions of the train car. That is, at a minimum, a credibility determination to be made by a jury. Testimony from LIRR supervisors at the very least show that the LIRR had constructive notice, i.e. it should have known of the defective threshold.

To support the argument that it had no knowledge, the LIRR cites *Sinclair v. Long Island RR*. A case in which the Second Circuit Court of Appeals made clear that in FELA cases the plaintiff must show that the defendant had actual or constructive notice. *Sinclair v. Long Island R.R.,* 985 F.2d 74, 77 (2d Cir. 1993). In this same case, the Court held that what the railroad knew or should have known is strictly a question of fact which reasonable jurors can differ on. *Id.*

In another decision the Second Circuit Court of Appeals stated:

> In cases arising under FELA, "the right of the jury to pass on factual issues must be liberally construed." *Williams,* 196 F.3d at 407 (internal quotation marks omitted). "[T]he case must not be dismissed at the summary judgment phase unless there is absolutely no reasonable basis for a jury to find for the plaintiff." *Syverson,* 19 F.3d at 828.

*Haas v. Delaware & Hudson Ry. Co.*, 282 F. App'x 84, 87 (2d Cir. 2008). In *Haas*, the Court found the plaintiff's testimony without any more was insufficient to support his argument that the railroad had actual or constructive notice. In that Case the issue was a switch not being properly lubricated. Records existed showing that the switch had been

9

lubricated and the plaintiff did not submit any evidence to the contrary besides his own testimony.

Here, unlike in *Haas*, there is no dispute that the threshold plate that caused the slip and fall was defective. In fact, as detailed above, St. Hill testified under oath that the threshold plate was not in its intended condition. Plaintiff's Ex. 2. at P.43, L.12-14. Additionally, it is the testimony of St. Hill that daily inspections are conducted by the LIRR, and there are records showing the train car that caused the plaintiff's fall was inspected the very day of the accident. Therefore, a reasonable jury could find that the LIRR was on notice of the defective threshold plate on the train car. At the very least, a jury could find that the LIRR should have known of the defective condition that the threshold plate was in.

## Conclusion

In conclusion, the LIRR was in violation of 49 U.S.C 238 and such violation contributed to the plaintiff's injury. Therefore, the plaintiff is entitled to a finding of negligence per se. Alternatively and in addition, there are multiple genuine issues of material of fact to be resolved only by a jury. Consequently, defendant's Motion for Summary Judgment should be denied in its entirety.

DATED: NASSAU, NEW YORK
         February 2, 2018

                                      ___*/s/ Marc Wietzke*_____
                                      Marc T. Wietzke
                                      Attorney for Plaintiff Louis Esposito
                                      FLYNN & WIETZKE, PC
                                      1205 Franklin Avenue
                                      Garden City, NY 11530
                                      Tel.: (516) 877-1234
                                      E-mail: MWietzke@felaattorney.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2018, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                    /s/ Marc Wietzke
                                                    Marc Wietzke