```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| Louis Esposito,<br><br>        Plaintiff,<br><br>—v—<br><br>Long Island Rail Road,<br><br>        Defendant. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: SEP 2 9 2018<br><br>16-CV-9351 (AJN)<br><br>MEMORANDUM OPINION<br>AND ORDER |

ALISON J. NATHAN, District Judge:

This case arises from a January 10, 2015, accident in which Plaintiff Louis Esposito fell approximately six feet from the doorway of a train car while working as a gang foreman for Defendant, the Long Island Railroad Company ("LIRR"). Plaintiff has brought suit against LIRR pursuant to the Federal Employer's Liability Act ("FELA") alleging that LIRR's negligence played a part in his accident. Now before the Court is LIRR's motion for summary judgment. For the reasons stated below, this motion is DENIED.

## I. Background

### A. Factual Background

The following facts are undisputed, except where specifically noted. In January of 2015, Plaintiff was employed by LIRR as a gang foreman. *See* Dkt. No. 38-1, Mucc. Decl. Ex. A, at 7. On January 10, Plaintiff was assigned to head Mobile Unit 269, which consisted of two other employees: road car inspector Jose Robles and electrician John Conklin. *Id.* at 9, 20. The Unit was based out of Jamaica Station. *Id.* at 9. On the morning of January 10, Unit 269 was dispatched to respond to a smoke condition and brake issue on a train in West Hampstead. *Id.* at

10. Specifically, the brakes on Car 9803 were stuck. *See id.* at 40; Dkt. No. 38-3, Mucc. Decl. Ex. E. It was cold and there was snow on the ground. Mucc. Decl. Ex. A, at 13.

On arriving at the train, Plaintiff, Robles, and Conklin entered the head car's control area to try to release the brakes, but were unable to do so. *Id.* at 16, 20. Plaintiff and Robles then exited the train through the L1-L2 door to check the brakes, while Conklin remained inside the control area. *Id.* at 20, 27, 38. Plaintiff and Robles determined that the L3-L4 tread brake units were stuck. *Id.* at 34. Robles attempted to use a socket wrench to fix the stuck brakes, but was unsuccessful. *Id.* at 33. Plaintiff then entered the train car to retrieve a crowbar from the car's F-end locker to use in an effort to fix the brake problem. *Id.* at 35. He entered through the L3-L4 door, retrieved the crow bar from the locker, and returned to the same L3-L4 door. *Id.* at 35. Plaintiff put the crowbar down and began exiting the car, but slipped and fell to the ground, landing on the left side of his back. *Id.* at 36. Robles, who was at ground level, came to assist Plaintiff, who had fallen close to the energized third rail. *Id.* at 48. Robles states that he saw Plaintiff "los[e] his footing, his step," and slip. Mucc. Decl. Ex. B, at 27. In a written statement dated June 8, 2016, Robles states that Plaintiff slipped on the threshold plate, and that he had not noticed any particular issues with the door or the threshold plate. Mucc. Decl. Ex. D, at 11. Robles further states that "[t]here was no foreign substance on this threshold plate; however, there was a trace amount of snow on the sides of the door." *Id.* Plaintiff, on the other hand, states that the threshold plate of the L3-L4 door was "wet and sandy." Mucc. Decl. Ex. A, at 29. In a conversation with LIRR Employee Susan Ronan, who completed a statement on the incident, Plaintiff reported that he remembered stepping on the threshold which felt sandy, and the next thing he knew he was on the ground. Mucc. Decl. Ex. D, at 9.

After the fall, Robles completed the brake release with the crow bar, then helped Plaintiff

walk to the parking lot. Mucc. Decl. Ex. A, at 50. LIRR's Central Log Tracking Detail Report, Log # 1704075, indicates that an employee was injured on Car 9803 when he "slip[ped] on the L3 door threshold plate and fell to the ground." Mucc. Decl. Ex. E. It also contains a note that Maintenance of Equipment "will have the equipment inspected once it arrives in the yard." *Id.* The door track on the L3 door was replaced, and the defect listed in the report was "warp." *Id.*; Mucc. Decl. Ex. C at 42-43. Former LIRR general foreman Jason St. Hill, who is now a master mechanic, testified that the door track was not in its intended condition prior to being replaced. Mucc. Decl. Ex. C at 43.

Records indicate that Car 9803 underwent standard "Calendar Day" and "Class 1" (brake) inspections at least once every calendar day between December 29, 2014, and January 10, 2015, including at 12:02 a.m. on January 10, 2015. Mucc. Dec. Ex. I.

### B. Procedural Background

On December 5, 2016, Plaintiff filed his complaint against LIRR seeking damages under FELA for physical, psychological, and economic harms allegedly suffered as a result of the fall. Dkt. No 1. Defendant filed its answer on January 20, 2018. Dkt. No 9. On January 5, 2018, following the close of discovery, Defendant filed the motion for summary judgment that is now before the Court. Dkt. No. 37. Plaintiff filed his opposition on February 2, 2018, Dkt. No. 44, and Defendant filed its reply on February 16, 2018, Dkt. No. 46.

## II. Legal Standard

A court may not grant a motion for summary judgment unless all of the submissions taken together "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and is genuinely in dispute if "the

3

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "Summary judgment is appropriate when 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Smith v. County of Suffolk*, 776 F.3d 114, 121 (2d Cir. 2015) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "[I]n making that determination, the court is to draw all factual inferences in favor of the party against whom summary judgment is sought, viewing the factual assertions in materials such as affidavits, exhibits, and depositions in the light most favorable to the party opposing the motion." *Rodriguez v. City of New York*, 72 F.3d 1051, 1061 (2d Cir. 1995). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

In seeking summary judgment, the initial "burden is upon the moving party to demonstrate that no genuine issue respecting any material fact exists." *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1223 (2d Cir. 1994). Where the non-moving party would bear the burden of proof at trial, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant "demonstrates 'the absence of a genuine issue of material fact,' the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact" to survive summary judgment. *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (citation omitted) (quoting *Celotex Corp.*, 477 U.S. at 323).

## III. Discussion

Plaintiff brings his claim under FELA, which provides that railroads engaging in interstate commerce "shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce...for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier." 45 U.S.C. § 51. There is no dispute that LIRR is a common carrier engaging in interstate commerce and that the Plaintiff is an employee of LIRR who was acting within the scope of his employment when he was injured. *See* Def. Memo at 13; Pl. Memo in Opp. at 6. The central issue in the case, then, is whether Plaintiff can show that his fall resulted in whole or in part from LIRR's negligence.

The elements of negligence under FELA are "the traditional common law elements of negligence: duty, breach, foreseeability, and causation." *Tufariello v. Long Island R. Co.*, 458 F.3d 80, 87 (2d Cir. 2006). However, the plaintiff's burden in establishing causation and negligence is lighter under FELA than at common law. *Id.* "[W]here the employer's conduct falls short of the high standard required of him by the Act and his fault, in whole or in part, causes injury, liability ensues." *Kernan v. Am. Dredging Co.*, 355 U.S. 426, 438-39 (1958). An employer covered by FELA has a non-delegable duty to provide a safe workplace, which is breached when it "knows or should know of a potential hazard in the workplace, yet fails to exercise reasonable care to inform and protect its employees." *Gallose v. Long Island R. Co.*, 878 F.2d 80, 84-85 (2d Cir. 1989).

Defendant argues that it is entitled to judgment as a matter of law because Plaintiff is unable to carry his burden as to causation or notice. For the reasons discussed below, the Court concludes that, drawing all factual inferences in favor of the Plaintiff, there are triable issues of

5

fact as to these elements.

### A. Causation

To show causation under FELA, a plaintiff need only prove that an employer's negligence "played any part, even the slightest, in producing the injury or death for which damages are sought." *Rogers v. Missouri Pac. R. Co.*, 352 U.S. 500, 506 (1957). Thus, proximate causation, which must be shown to prove a negligence claim at common law, is not required. *CSX Transp., Inc. v. McBride*, 564 U.S. 685, 705 (2011). Plaintiff alleges that his injury was caused by a defective and/or snowy and sandy threshold plate, which Defendant had a duty to replace before he was sent to work on the train car. Pl. Opp. at 8. Defendant counters that Plaintiff has admitted he did not see what about the threshold plate caused him to slip, and therefore that he cannot carry his burden on causation because he is unable to establish the cause of his accident. Def. Memo at 15 (citing *Przybylinski v. CSX Transp., Inc.*, 292 Fed. Appx. 485, 489-490 (6th Cir. 2008) (unpublished opinion)).

Defendant's reliance on *Przybylinski* is unavailing. Even if the Court were to find its reasoning persuasive, the facts of that case are distinguishable from the case at hand. In *Przybylinski*, the plaintiff testified that she did not know which of three possible causes explained her fall, and only two of the three suggested negligence on the part of her employer. *Id.* While Plaintiff in this case is unsure of precisely what caused his fall, all three possibilities suggested in his testimony could be attributed to Defendant's negligence. Moreover, the plaintiff in *Przybylinski* could point to no additional evidence to show that a dangerous workplace condition, rather than her own boot, caused her injury. *Id.* Here, on the other hand, Plaintiff can point to his deposition testimony stating that the threshold plate was wet and sandy and the testimony of a LIRR mechanic who acknowledged that the threshold plate needed to be replaced

on the day of the accident. Of course, the Defendant presents contrary evidence, such as the photographs of the threshold plate. But it does not follow from the existence of contrary evidence that Defendant has shown a lack of causation as a matter of law. *See Rodriguez*, 72 F.3d at 1061 (2d Cir. 1995) (On a motion for summary judgement, the court "view[s] the factual assertions in materials such as affidavits, exhibits, and depositions in the light most favorable to the party opposing the motion.").

Defendant cites several additional cases for the proposition that a plaintiff who testifies that he does not know the exact cause of his injury cannot meet his burden for the element of causation. *See* Def. Memo. at 16-17 (citing *Stevenson v. CBS Broadcasting*, 2011 NY slip op. 30116 (N.Y. Sup. Ct., James, JSC, Jan. 19, 2011); *Acunia v. New York City Dept. of Educ.*, 68 A.D.3d 631, 632 (1st Dep't. 2009). However, these cases rely on New York tort law, which uses an altogether different standard for causation than that standard applicable in a FELA action. *See Tufariello*, 458 F.3d at 87 (noting that the plaintiff carries a lighter burden with respect to causation under the federal common law of FELA actions).

The Court concludes that the evidence in the record concerning causation, while far from overwhelming, is more than a mere "scintilla." *Anderson* 477 U.S. at 252. Because Plaintiff has presented sufficient evidence to create a jury question as to whether LIRR's negligence played any part in his injury, summary judgment is inappropriate.

### B. Notice

In order to prove the essential element of foreseeability, plaintiffs bringing FELA claims must offer "proof of actual or constructive notice to the employer of the defective condition that caused the injury." *Sinclair v. Long Island R.R.*, 985 F.2d 74, 77 (2d Cir. 1993). In other words, "an employer is not liable if it has no reasonable way of knowing that a potential hazard exists."

7

*Gallose*, 878 F.2d at 85 ("The catalyst which ignites this duty is knowledge, either actual or constructive."). "Whether the railroad used reasonable care in furnishing its employees a safe place to work is normally a question for the jury…[and] the right of the jury to pass on this issue must be liberally construed." *Sinclair*, 985 F.2d at 77. As a result, unless a reasonable juror could reach only one conclusion about "exactly what the LIRR knew or should have known, and whether the LIRR exercised reasonable care in light of its knowledge," the issue of notice cannot be determined on summary judgment. *Id.* (quotation omitted).

Construed in the light most favorable to the Plaintiff, the evidence is the record is that the threshold plate from which Plaintiff slipped was defective and sandy, and that LIRR conducted an inspection of the train car at issue on the day of the accident. A possible inference of these facts is that LIRR should have known about the dangerous condition of the defective threshold plate, and therefore failed to exercise reasonable care by repairing the plate or putting Plaintiff on notice of the risk. At a minimum, there appears to be a dispute of fact as to the condition of the plate on January 10, 2016. Therefore, bearing in mind the "considerably more relaxed standard of proof" for determining negligence under FELA, a reasonable factfinder could conclude on the basis of the record that LIRR had constructive notice of an unsafe condition. *Sinclair*, 985 F.2d at 76. Moreover, the Court is cognizant of the "strong federal policy in favor of letting juries decide FELA cases." *O'Hara v. Long Island R. Co.*, 665 F.2d 8, 9 (2d Cir. 1981) (per curiam). For these reasons, Defendant's motion for summary judgment is denied.

### C. Negligence Per Se

Plaintiff argues that he need not prove the elements of negligence because he can recover under FELA based on a theory of negligence per se. "It is well-settled that the FELA requires a finding of negligence per se when there has been a violation of a safety statute specifically aimed

at the railroad industry." *Morant v. Long Island R.R.*, 66 F.3d 518, 523 (2d Cir. 1995) (quoting *Ries v. National Railroad Passenger Corp.*, 960 F.2d 1156, 1159 (3d Cir. 1992). In addition to the violation of a statute or regulation, to recover, the plaintiff must demonstrate that the employer's conduct "contribute[d] in fact to the death or injury in suit." *Kernan v. American Dredging Co.*, 355 U.S. 426, 433 (1958). According to the Plaintiff, (1) the brake system defect that his mobile gang was sent to correct constituted a violation of 48 CFR 238, a safety regulation, and (2) he would not have fallen from Car 9803 were the defect not present, causing him to be sent to the train. However, Plaintiff has not moved for summary judgment on a theory of negligence per se; rather, Plaintiff raises this argument for the first time in his opposition to LIRR's motion. The Court therefore does not reach the issues of whether the undisputed evidence supports a finding of a violation of 49 C.F.R. 238, or whether the Plaintiff's injury was caused by any such violation.

## IV. Conclusion

For the foregoing reasons, LIRR's motion for summary judgment is DENIED. A status conference will be held on November 2, 2018, at 10:00 AM in Courtroom 906 of the Thurgood Marshall Courthouse. The parties shall meet and confer regarding the possibility of settlement and available dates for trial. No later than one week prior to the conference, the parties shall submit a joint letter to indicate whether they would like a referral to a United States Magistrate Judge for a settlement conference and inform the Court of possible trial dates. This resolves Dkt. No. 37.

SO ORDERED.

Dated: September 29, 2018
New York, New York

9

ALISON J. NATHAN
United States District Judge